IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Brandi Carr as next of friend to D.B. & A.B., minors, who is next of kin to Devonte Dawayne Brown | |
| Plaintiff, | Civil Action File No. |
| v. | |
| Ian McConnell, in his Individual capacity | |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Brandi Carr as next of friend to D.B. and A.B.,

minors, who is next of kin of Devonte Dawayne Brown (hereinafter "Plaintiff"),

by and through the undersigned attorneys, and hereby files this Complaint against

Ian McConnell, in his Individual capacity (hereinafter "Defendant McConnell").

## INTRODUCTION

***The use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable. It is notbetter that all felony suspects die than that they escape. Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so. It is no doubt unfortunate whena suspect who is in sight escapes, but the fact that the police arrive a little late or are a little slower afoot does not always justify***

1

*killing the suspect. A police officer may not seize an unarmed, nondangerous suspect by shooting him dead.*

*------Justice Byron White, Tennessee vs Garner, 471 U.S. 1 (1985)*

On August 18, 2021, Devonte Dawayne Brown, a 28-year-old black male, was gunned down by Officer Ian McConnell ("Defendant McConnell") of the Cobb County Police Department. At the time Mr. Brown was shot by Defendant McConnell, he was unarmed and posing no threat to law enforcement or others.

Plaintiff brings federal constitutional claims against Defendant McConnell, in his individual capacity, for committing acts under color of law that deprived Devonte Dawayne Brown (hereinafter "Devonte" or "Mr. Brown") of his rights under the Constitution and the laws of the State of Georgia by using excessive and deadly force against Mr. Brown; whereby, Mr. Brown was unarmed and posing no threat to law enforcement or others. Further, Plaintiff brings state law claims of Wrongful Death, Assault and Battery against Defendant McConnell.



Devonte Brown with his son

## JURISDICTION AND VENUE

### 1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought both directly and under 42 U.S.C. § 1983.

### 2.

This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

### 3.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the eventsgiving rise to this Complaint occurred within this District.

## PARTIES

### 4.

At all times relevant hereto, Plaintiff Brandi Carr as next of friend to D.B. and A.B. is the parent/guardian of D.B and A.B, who are next of kin to decedent Devonte Dawayne Brown and resides in the State of Georgia and is a citizen of the United States of America.

5.

At all times relevant hereto, Defendant McConnell was a citizen of the United States and a resident of the State of Georgia and was acting under color of state law in his capacity as a law enforcement officer employed by Cobb County Police Department. Defendant McConnell is sued in his individual capacity.

FACTUAL ALLEGATIONS

*Events That Occurred on August 18, 2021*

6.

On August 18, 2021, approximately at 3:30 p.m., Officer Mark Walker of the Cobb County Police Department stopped Devonte Brown for a traffic violation near the intersection of South Marietta Parkway and Powder Springs Road.

7.

During the course of the traffic stop, Officer Walker asked Mr. Brown for his driver's license which he refused. Officer Walker then radioed for backup and instructed Mr. Brown to park his vehicle; instead of parking his vehicle, Mr. Brown decided to drive off.

8.

Officer Walker initiated a chase and reported it via radio transmission to dispatch.

9.

Thirty (30) seconds into the chase, Officer Walker performed a precision immobilization technique maneuver ("pit maneuver") on Mr. Brown's vehicle while on Powder Springs Road.

10.

The pit maneuver was unsuccessful, and eventually, Mr. Brown hit a concrete pillar in his attempt to avoid hitting other drivers- all of Mr. Brown's side airbags deployed upon impact and there was visible damage to his front tires.

11.

While Mr. Brown's vehicle was stopped, Officer Walker approached the driver-side of Mr. Brown's vehicle from the rear but always maintained a distance of at least 15 feet from the vehicle. Officer Walker instructed Mr. Brown, with his weapon drawn, to put his hands up but stated he was unable to see into the vehicle. Officer Walker maintained his position with his weapon drawn on Mr. Brown's vehicle until Mr. Brown drove forward back onto Powder Springs Road. At no time did Officer Walker discharge his service weapon.

12.

At some time after, Officer Clifford Kelker of the Cobb County Police Department, Deputy William Piepmeier and Lieutenant Brian Tighe of Cobb County Sheriff's Department joined in the pursuit of Mr. Brown; and Officer

Walker, Officer Kelker, and Deputy Piepmeier were able to box in Mr. Brown's vehicle from the front, back, and right side.

13.

Defendant McConnell was the last officer to arrive on scene. Defendant McConnell rammed his patrol vehicle into Mr. Brown's driver's side door completely boxing in Mr. Brown's vehicle on all sides capturing Mr. Brown.

14.

Mr. Brown's steer-side tire was completely disable limiting his ability to operate the vehicle. Mr. Brown's airbags were deployed and he was completely boxed in when Defendant McConnell exited his vehicle.

15.

Upon existing his vehicle, Defendant McConnell shouted commands for Mr. Brown to show his hands. Subsequently, and at the time Mr. Brown's vehicle was not moving, Defendant McConnell fired his weapon 7 times into Mr. Brown's vehicle paused and fired 5 more shoots into the vehicle. As a result of Defendant McConnell's actions, Mr. Brown died.

16.

Notably, no other officers shot their service weapons.

17.

Mr. Brown was shot 8 times by Defendant McConnell; 3 times to face/head,

2 times to the chest, 1 time to the neck, and 1 time each into both arms.

18.

At the time in which Mr. Brown was shot, he was unarmed and not posing a threat to officers or others.

19.

Notably, Cobb County Police Department Policy 5.15 *Vehicle Pursuits* states the following:

> G. **Prohibited Practices**
> 2. Officers will not discharge their weapons at a moving vehicle unless the driver and/or occupant(s) are using deadly force.

20.

At all times relevant, Mr. Brown was shot, he was unarmed and not posing a threat to officers or others.

21.

At all times relevant, Defendant McConnell, was acting under color of state law in his capacity as a law enforcement officer employed by the Cobb County Police Department.

22.

Defendant McConnell acted with actual malice at the time in which he killed Mr. Brown.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment

23.

Plaintiff realleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 22 of this Complaint

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, orother appropriate proceeding for redress…..

24.

Defendant McConnell to this claim is a person for purposes of 42 U.S.C. § 1983.

25.

Defendant McConnell, at all times relevant hereto, were acting under the

colorof state law in his capacity as an Officer for the Cobb County Police

Department and his acts or omissionswere conducted within the scope of his

official duties or employment.

26.

At the time of the complained of events, Devonte Brown had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

27.

Devonte Brown also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

28.

Any reasonable Officer of Cobb County Police Department knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

29.

Defendant McConnell's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment right of Devonte Brown.

30.

Defendant McConnell's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Devonte Brown's federally protected rights. The force used by Defendant

McConnell shocks the conscience and violated the Fourth Amendment right of Devonte Brown.

31.

Defendant McConnell unlawfully seized Devonte Brown by means of objectively unreasonable, excessive and conscious shocking physical force. The force used was deadly force and did cause the death of Devonte Brown.

32.

Defendant McConnell engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Devonte Brown's federally protected constitutional rights.

33.

Defendant McConnell did so with shocking and willful indifference to Devonte Brown's rights and with conscious awareness that it could cause Devonte Brown severe bodily harm or death.

34.

The acts or omissions of Defendant McConnell were the moving forces behind Devonte Brown's injuries. The acts or omissions of Defendant McConnell as described herein intentionally deprived Devonte Brown of his constitutional rights and caused him other damages. Defendant McConnell is not entitled to qualified immunity for his actions.

35.

As a proximate result of Defendant McConnell's unlawful conduct, Devonte Brown was killed. As a further result of the Defendant McConnell's unlawful conduct, Devonte Brown has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

36.

On information and belief, Devonte Brown suffered lost future earnings not yet fully ascertained sequelae of his death, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

37.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Devonte Brown.

38.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $100,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## SECOND CLAIM FOR RELIEF
## ASSUALT & BATTERY

39.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint

40.

Defendant McConnell's actions against Devonte Brown were unreasonable and excessive force. At the time Devonte Brown was shot by Defendant McConnell, he was unarmed, boxed in, and not posing a threat to officers or other. Defendant McConnell acted with a depraved indifference to human life and conscious disregard for the safety of the general public, constitutedan intentional unwelcome and unprivileged touching of Devonte Brown, and was undertaken in

bad faith and with actual malice.

41.

As a further direct and proximate result of the conduct described above, Devonte Brown died. Prior to his death Devonte Brown suffered loss of his liberty and freedom, bodily injury resulting in pain and suffering, mental anguish, medical expenses, and funeral and burial expenses.

42.

Additionally, Defendant McConnell clearly violated Cobb County Police Department Policy 5.15.

43.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages in excess of $100,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## THIRD CLAIM FOR RELIEF
## WRONGFUL DEATH

### 44.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint.

### 45.

On or about August 18, 2021, Defendant McConnell, an employee and uniformed officer with the Cobb County Police Department, committed a battery when he discharged his handgun to intentionally strike Devonte Brown.

### 46.

The aforementioned act of discharging his handgun at Devonte Brown was the intended act of Defendant McConnell and was carried out in bad faith and with malicious intent. As a direct and proximate result of the acts of Defendant McConnell, Devonte Brown was killed.

### 47.

Defendant McConnell was acting within the scope of his employment with the Cobb County Police Department.

### 48.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages in excess of $100,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. the value of support and services the deceased person had provided to the surviving family member;

5. loss of companionship, guidance, and protection provided by the deceased person;

6. mental and emotional pain and suffering due to the loss of a child, and medical or funeral expenses any surviving family member has paid for the deceased person;

7. The deceased person's surviving heirs may also recover certain types of damages.

   These include:

   a. lost wages, benefits, and other earnings, including the value of lost earnings that the deceased person could reasonably have been expected to make if he or she had lived

   b. lost "prospective net accumulations" of the estate, or the value of earningsthe estate could reasonably have been expected to collect if the deceasedperson had lived, and

   c. medical and funeral expenses that were paid by the estate directly.

Such other relief as this Honorable Court may deem just and appropriate

## PRAYER FOR
## RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each

of the Defendants and grant:

A.  compensatory and consequential damages, including damages for

emotional distress, humiliation, loss of enjoyment of life, and other pain

andsuffering on all claims allowed by law in an amount in excess of

$100,000.00

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D.  punitive damages on all claims allowed by law against

individualDefendants and in an amount in excess of $100,000.00

E. attorneys' fees and the costs associated with this action under 42 U.S.C.

§ 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G.  any further relief that this court deems just and proper, and any

otherappropriate relief a law and equity.

**PLAINTIFF REQUEST A TRIAL BY JURY.**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date: 27th day of February, 2024

Respectfully submitted,

/s/ *Crystal R. Carey*
Crystal Carey, Esq.
Georgia Bar No.
880839
Law Offices of Harry M. Daniels, LLC
4751 Best Road, Suite 490
Atlanta, GA 30337
Tel.: (678) 664-8529
carey@harrymdaniels.com

/s/ *Chantel Cherry-Lassiter*
Chantel Cherry-Lassiter, Esq.
Georgia Bar No. 314351
Law Offices of Harry M. Daniels, LLC
4751 Best Road, Suite 490
Atlanta, GA 30337
Tel.: (678) 664-8529
chantel@harrymdaniels.com

*Pending Approval of Special Admission of a Non-Resident Lawyer*

*/s/ Brenarda Villalona*
Bernarda Villalona, Esq.
New York Bar No. 4444451
Villalona Law, PLLC
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Tel.: (833)845-5256
Bernarda@VillalonaLaw.com

/s/ *Harry M. Daniels*
Harry Daniels, Esq.
Georgia Bar No.
234158
Law Offices of Harry M. Daniels, LLC
4751 Best Road, Suite 490
Atlanta, GA 30337
Tel.: (678) 664-8529
daniels@harrymdaniels.com